Joel H. Levitin (JL 5814)
David C. McGrail (DM 3904)
DECHERT LLP
30 Rockefeller Plaza
New York, New York 10112
(212) 698-3500

Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re:                                                       :     Chapter 11
                                                             :
SURE FIT, INC., et al.,                                      :     Bankr. Case No.: 04 - 11495 (BRL)
                                                             :
                        Debtors.                             :     Jointly Administered
-------------------------------------------------------------x

## NOTICE OF HEARING ON DEBTORS' APPLICATION PURSUANT TO SECTION 327 OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO EMPLOY ERNST & YOUNG CORPORATE FINANCE LLC AS FINANCIAL AND RESTRUCTURING ADVISORS

PLEASE TAKE NOTICE that the above-captioned debtors and debtors-in-possession (together, the "Debtors"), by and through their undersigned attorneys, have filed their application (the "Application") pursuant to section 327 of the Bankruptcy Code for authorization to employ Ernst & Young Corporate Finance LLC as financial and restructuring advisors.

PLEASE TAKE FURTHER NOTICE that the hearing to consider the Application will be held before the Honorable Burton R. Lifland, United States Bankruptcy Judge, United States Bankruptcy Court, Southern District of New York, Alexander Hamilton Customs House,

One Bowling Green, New York, New York, Room 623, on **May 19, 2004 at 10:00 a.m. (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that objections to the relief requested in the Application must be in writing, setting forth with specificity the name of the objectors and the legal and factual grounds for the objection, and shall be submitted in accordance with General Order M-182 (which may be found at www.nysb.uscourts.gov) and filed with the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004 (with a courtesy copy delivered to Chambers) and served on: (i) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004; Attn: Hollie Elkins, (ii) Dechert LLP, Attorneys for the Debtors, 30 Rockefeller Plaza, New York, New York 10112, Attn: Joel H. Levitin and David C. McGrail; (iii) Blank Rome LLP, Attorneys for Wachovia Bank, N.A., The Chrysler Building, 405 Lexington Avenue, New York, NY 10174, Attn: Andrew B. Eckstein; and (iv) Lowenstein Sandler PC, Attorneys for the Official Committee of Unsecured Creditors, 65 Livingston Avenue, Roseland, New Jersey 07068, Attn: Kenneth A. Rosen, and 1251 Avenue of the Americas, New York, NY 10020, Attn: Bruce S. Nathan, <u>so as to be actually received</u> by **May 12, 2004 at 5:00 p.m. (Eastern Time).**

Dated: May 4, 2004
      New York, New York

                              DECHERT LLP

                              /s/ David C. McGrail
                              Joel H. Levitin (JL 5814)
                              David C. McGrail (CM 3904)
                              30 Rockefeller Plaza
                              New York, New York 10112
                              Telephone: (212) 698-3500
                              Facsimile: (212) 698-3599

                              Attorneys for the Debtors

Hearing Date: May 19, 2004 at 5:00 p.m. (ET)
Objection Deadline: May 12, 2004 at 10:00 a.m. (ET)

Joel H. Levitin (JL 5814)
David C. McGrail (DM 3904)
DECHERT LLP
30 Rockefeller Plaza
New York, New York 10112
(212) 698-3500

Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :  Chapter 11
                                                            :
SURE FIT, INC., et al.,                                     :  Bankr. Case No.: 04 - 11495 (BRL)
                                                            :
                              Debtors.                      :  Jointly Administered
------------------------------------------------------------x

**DEBTORS' APPLICATION PURSUANT TO SECTION 327 OF THE
BANKRUPTCY CODE FOR AUTHORIZATION TO EMPLOY ERNST & YOUNG
CORPORATE FINANCE LLC AS FINANCIAL AND RESTRUCTURING ADVISORS**

The above-captioned debtors and debtors-in-possession (together, the "Debtors"), by and through their undersigned attorneys, hereby submit this application (the "Application") for an order pursuant to section 327 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court, Southern District of New York (the "Local Rules") authorizing the Debtors' employment and retention of Ernst & Young Corporate Finance LLC ("EYCF") as financial and restructuring advisors to the Debtors. In support of this Application, the Debtors rely on the Affidavit and Statement of Elizabeth R. Borow, a managing director of EYCF, sworn to on April 23, 2004 (the "Borow Affidavit"), a

copy of which is attached hereto as Exhibit 1 and is incorporated herein by reference. In further support of this Application, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are Bankruptcy Code § 327, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

2. On March 7, 2004 (the "Petition Date"), the Debtors filed with this Court separate, voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors' individual bankruptcy cases were procedurally consolidated on March 8, 2004.

3. On March 17, 2004, the United States Trustee appointed an official committee of unsecured creditors (the "Committee") in these cases.

4. The Debtors continue to manage their properties and operate their business as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been appointed in these cases.

5. Debtor Sure Fit, Inc., is the Debtors' primary operating company and is the 100% owner of debtor Sure Fit Properties, Inc., which owns all of the Debtors' intellectual property.

6. The Debtors are the leading seller of home furniture slipcovers and throw covers and also sell various other home accessories.

7. The Debtors market their products to retailers, including department, specialty, and discount chain stores and through their "slipcovers by mail" or "SBM" business to

2

end-users through catalog sales, print and television advertisements, and their website, www.surefit.com.

8. The Debtors have approximately 650 employees and had approximately $166 million in annual sales for the year 2003.

## RETENTION OF EYCF

EYCF

9. EYCF is an affiliate of Ernst & Young LLP ("E&Y LLP").[1] E&Y LLP and EYCF are separate legal entities.

10. The Debtors hereby seek to retain EYCF as their financial and restructuring advisors pursuant to a letter of understanding dated March 5, 2004 (the "Engagement Letter"), a copy of which is attached as Exhibit A to the Borow Affidavit, is incorporated herein by reference, and is submitted for approval herewith.

11. The Debtors believe that they will require the assistance of an experienced financial and restructuring consultant such as EYCF during these bankruptcy cases. EYCF has extensive experience in reorganization cases and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors, creditors, and creditors' committees throughout the United States. The Debtors submit that EYCF is well-qualified to advise the Debtors.

12. The resources, capabilities, and experience of EYCF in advising the Debtors are crucial to the Debtors' successful restructuring. An experienced financial and restructuring advisor such as EYCF fulfills a critical service that complements the services offered by the Debtors' other restructuring professionals.

---

[1] E&Y LLP will file a separate retention application pursuant to Bankruptcy Code § 327.

Services To Be Rendered

13. As described in greater detail in the Engagement Letter, in its capacity as the Debtors' financial and restructuring advisor, EYCF is prepared to perform the following post-petition services (collectively, the "Financial Advisory Services"):

    a. advising the Debtors' management on its development of the Debtors' business plans, cash flow forecasts, and financial projections/business plan model and reconciliations of the cash flow forecasts to the business plan model on a monthly basis (such business plans, cash flow forecasts, and financial projections, including strategic content, specific action plans, and related assumptions will be the responsibility of and be prepared by management of the Debtors);

    b. advising the Debtors' management with respect to available capital restructuring and financing alternatives, including recommending specific courses of action and assisting with the design, negotiation, and implementation of alternative restructuring and/or transaction structures including a new value investment, a sale of all or certain assets of the Debtors, or any other transaction;

    c. advising the Debtors' management in its preparation of financial information that may be required by the Debtors' creditors and other stakeholders, and in coordinating communications with the parties-in-interest and their respective advisors;

    d. advising the Debtors' management in preparing for, meeting with, and presenting information to parties-in-interest and their respective advisors, specifically including the Debtors' senior lenders, major customers, other debt holders, other potential sources of new financing, and their respective advisors; and

    e. providing other services as may be requested in writing from time to time by the Debtors or its counsel and agreed to by EYCF.

14. If they seek to have EYCF perform any services other than the Financial Advisory Services, the Debtors will file a supplemental application seeking authorization to retain EYCF to do so. Until such a supplemental application is filed and approved by the Court, EYCF will not be authorized to provide such other services to the Debtors, and the Debtors will not compensate EYCF for any such other services.

15. The Engagement Letter may be terminated at any time by the Debtors or EYCF, but, in any event, it will expire upon the earlier of the effective date of any plan of reorganization of the Debtors, the entry of any order dismissing these cases, or the entry of an order converting these cases to cases under chapter 7 of the Bankruptcy Code.

Disinterestedness of Professionals

16. To the best of the Debtors' knowledge, information, and belief, EYCF has no connection with, and holds no interest adverse to, the Debtors, their creditors, or any other party-in-interest, or their respective attorneys or accountants, or the Office of the United States Trustee or any person employed in the Office of the United States Trustee, with respect to the matters for which EYCF is proposed to be retained, except as disclosed in the Borow Affidavit.

17. To the best of the Debtors' knowledge, information, and belief, EYCF has, prior to the filing of this Application and the Borow Affidavit, worked with the Office of the United States Trustee to resolve any issues related to or arising from its potential retention in these bankruptcy cases.

18. To the best of the Debtors' knowledge, information, and belief, EYCF is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code and as required under section 327(a) of the Bankruptcy Code.

19. The Debtors' knowledge, information, and belief regarding the matters set forth in this Application are based solely on, and are made in reliance upon, the Borow Affidavit.

20. The Debtors initially retained EYCF in February 2004. Pursuant to that retention and during the pre-petition period, the Debtors paid EYCF an aggregate amount of $276,096, as more fully described below and in the Borow Affidavit.

21. Prior to the Petition Date, E&Y LLP and/or EYCF performed the following professional services for the Debtors:

    a. In January 2004, E&Y LLP was engaged to provide tax and tax consulting services. The work was completed by March 2004 and paid for on March 1, 2004. Fees paid for this work are approximately $5,450 for the tax services and $5,670 for the tax consulting services. None of this work was related to the Debtors' chapter 11 filing. No work related to the aforementioned services is currently being provided.

    b. E&Y LLP completed and was paid in full for undertaking the audit of the Debtors in 2002. In December 2003, E&Y LLP was engaged to provide annual auditing and employee benefit plan audit services. The work is currently in process and E&Y LLP has been paid approximately $20,000 on each of February 21, 2004 and March 1, 2004, for a total of $40,000. There has been discussions regarding the completion of the 2003 audit subsequent to filing. None of this work was related to the Debtors' chapter 11 filing.

    c. In February 2004, EYCF was engaged to advise the Debtors with respect to contingency planning related to preparing a possible chapter 11 filing and other available alternatives, including recommending specific courses of action and assisting with the structure, negotiation, and implementation of debtor-in-possession financing. EYCF was also asked to advise the Debtors on its development of its business plans, cash flow forecasts, and financial projections/business plan model, and reconciliations of the cash flow forecasts to the business plan model on a monthly basis. Fees paid for this work total $276,096 and were paid in installments as listed in the Borow Affidavit.

22. During the ninety days immediately preceding the Petition Date, the Debtors paid $51,120 and $276,096 in fees to E&Y LLP and EYCF, respectively.

23. Subsequent to the Petition Date, E&Y LLP has been providing services related to procuring a tax refund for the Debtors, which was successfully procured on or about April 19, 2004.

24. The Debtors submit that the appointment of EYCF on the terms and conditions set forth herein is in the best interests of the Debtors, their creditors and all parties-in-interest.

Professional Compensation

25. As set forth with greater specificity in the Engagement Letter, EYCF would be compensated as follows: the Debtors shall pay (or have already paid) EYCF $100,000 on the first business day of March 2004 and April 2004. Effective May 1, 2004, $75,000 in monthly fees would be due and payable on the first day of each month. If EYCF and the Debtors agree that the level of services requires fewer hours per month, EYCF agrees to reduce the monthly payment to reflect the lesser hours spent. In addition, upon the completion of the engagement and/or a restructuring or sale of the Debtors, a final fee (the "Transaction Fee") in the range of $400,000 to $600,000 would be due and payable, which fee would take into account the professional time spent, novelty and complexity of problems encountered, and special skills and benefit of EYCF's services to the Debtors. The Transaction Fee would be credited to the extent of 50% of the monthly fees paid to EYCF, including the payment already made for March 2004.

26. Additionally, in the event EYCF is requested or authorized by the Debtors or is required by government regulation, subpoena, or other legal process to produce its documents or personnel as witnesses with respect to its services for the Debtors, the Debtors would, so long as EYCF is not a party to the proceeding in which information is sought, reimburse EYCF for its professional time and expenses, as well as for the fees and expenses of its counsel, incurred in responding to such requests.

27. EYCF would request payment of fees and reimbursement of actual and necessary expenses related to this engagement, in accordance with the applicable provisions of

the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any order of this Court. EYCF's expenses in connection with this engagement would be billed separately on a monthly basis. Normal and reasonable expenses would include costs directly associated with this engagement, including travel, accommodations, and out-of-town meals, overnight delivery, database access charges, telephone, facsimile, postage, printing, and duplication.

28. In addition, in the event that any proceedings or legal actions are brought as a result of its performance of these services (except if EYCF is a defendant in such proceedings or legal actions), EYCF would request reimbursement of its actual expenses and fees, which would be mutually agreed upon by EYCF and the Debtors and approved by the Bankruptcy Court, for any time it may incur in considering or responding to discovery requests or participating as witnesses or otherwise in any legal, regulatory, or other proceeding as a result of its performance of these services.

29. The Debtors believe that the above-described fee structure is both fair and reasonable in light of the type of services being provided. The fee structure is reasonable and comparable to those generally charged by financial and restructuring advisors of similar stature to EYCF and for comparable engagements, both in and out of court, and reflects a balance between a fixed, monthly fee, and a contingency amount tied to the closing of these bankruptcy cases.

30. The hours worked, the results achieved, and the ultimate benefit to the Debtors of the work performed by EYCF in connection with this engagement may vary, and the Debtors and EYCF have taken this into account in setting the above fees. In order to induce EYCF to do business with the Debtors in bankruptcy, the fees were set against the difficulty of the assignment and potential for failure.

31. The Debtors also acknowledge that the Transaction Fee has been agreed upon by the parties in anticipation that a substantial commitment of professional time and effort will be required of EYCF and its professionals hereunder, and in the light of the fact that such commitment may foreclose other opportunities for EYCF and that the actual time and commitment required of EYCF and its professionals to perform its services hereunder may vary substantially from week to week or month to month, creating "peak load" issues for the firm.

32. In addition, given the numerous issues that EYCF may be required to address in the performance of its services hereunder, EYCF's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market price for EYCF's services for engagements of this nature in an out-of-court context, the Debtors agree that the fee arrangements hereunder (including the Transaction Fee) are reasonable.

33. Additionally, the Debtors have been advised by EYCF that it will endeavor to coordinate with the other retained professionals in these bankruptcy cases to eliminate unnecessary duplication or overlap of work.

## NOTICE

34. Pursuant to this Court's Order for Authority to Limit Notice and to Establish Notice Procedures, dated March 8, 2004, notice of this Motion has been given via First Class United States Mail, postage pre-paid, to the United States Trustee, counsel to Wachovia Bank, National Association, the Debtors' pre-petition lender, counsel to the Committee, and all parties who have requested service pursuant to Bankruptcy Rule 2002. The Debtors submit that no other notice need be given in light of the circumstances.

## WAIVER OF MEMORANDUM OF LAW

35. Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b), because there are no novel issues of law presented herein, the Debtors respectfully

request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Application.

## NO PRIOR APPLICATION

36. No previous application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit 2 granting the relief requested herein, and grant such other and further relief as may be just.

Dated: New York, New York
       May 4, 2004

                          DECHERT LLP

                          /s/ David C. McGrail
                          Joel H. Levitin (JL 5814)
                          David C. McGrail (DM 3904)
                          30 Rockefeller Plaza
                          New York, New York  10112
                          Telephone:  (212) 698-3500
                          Facsimile:  (212) 698-3599

                          Attorneys for the Debtors